# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05-4012-01-CR-C-NKL |
| DAVID WAYNE FORBIS, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Before this court is defendant David Wayne Forbis' Motion to Suppress Statements and Evidence after Fifth Superceding Indictment. The Government has responded in opposition to the motion. A hearing was held on June 22, 2010.[1]

Defendant challenges two separate vehicle searches, claiming that the searches of the vehicles incident to his arrest were unconstitutionally impermissible as a result of the Supreme Court's decision in Arizona v. Gant, ___ U.S. ___, 129 S. Ct. 1710 (2009). The first search occurred during an investigation by the Columbia Police Department on January 21, 2004, at the Day's Inn Motel in Columbia, Missouri. The second search occurred during an investigation by the Boone County Sheriff's Department on May 24, 2005.

This Court previously ruled defendant's prior motion to suppress in 2006 with regard to the same facts in the instant motion to suppress, finding the evidence admissible. The only issue not previously addressed by this Court is defendant's argument made in connection with the search of his vehicle on May 24, 2005, that there was a pistol under the passenger seat of his van. Defendant alleges this statement was obtained in violation of his Miranda rights, and should be suppressed.

Defendant is not entitled to relitigate the suppression issues already decided in this case. His argument that Gant invalidates this Court's prior finding of probable cause is without merit.

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Even if Gant were to be applied retroactively, suppression would not be the result because the good-faith exception to the exclusionary rule applies when the police rely on existing law. See generally United States v. Hrasky, 567 F.3d 367 (8th Cir. 2009) (granting petition for rehearing on suppression where the Government conceded that Gant invalidated the search but suggesting that good-faith reliance on pre-Gant precedent may justify an exception to the exclusionary rule); United States v. McCane, 573 F.3d 1037 (10th Cir. 2009) (even if search impermissible under Gant, the good faith of officers in relying on pre-Gant precedent supports the search). See also United States v. Lee, 2009 WL 3762404 (W.D. Mo.) (for searches conducted prior to the Gant decision, the previous state of the law controls because officers were operating in good-faith reliance on the law as it existed prior to Gant). Furthermore, the facts of each vehicle search not only support a finding of probable cause, but also the Gant standard of "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." Gant, 129 S. Ct. at 1719. The officers had a reasonable belief that further evidence related to methamphetamine use or production might be located inside defendant's vehicle.

Facts Relevant to Motion to Suppress for Miranda Violation

At issue is the statement of defendant to Deputy Mark Winchester on May 24, 2005. Deputy Winchester and defendant both testified at the suppression hearing.

Deputy Winchester, pursuant to an outstanding warrant for defendant's arrest, approached defendant's vehicle and placed defendant under arrest. After handcuffing defendant, Deputy Winchester asked defendant where he had been and whether he had been cooking methamphetamine. Defendant responded he had not been cooking methamphetamine. Deputy Winchester advised defendant of the outstanding federal warrant. Defendant was searched incident to arrest. Two baggies of methamphetamine were found, one from defendant's pants pocket and one from his shirt pocket. Defendant told deputies he wanted his van to be locked. The deputies responded that defendant's van would be secured after it was searched incident to his arrest and inventoried prior to towing, in accordance with departmental policy. Defendant got upset with the deputies and started telling them that they should have arrested him before he got in his vehicle. Deputy Winchester responded, stating Deputy Robinson was waiting for his backup before approaching defendant. At that time, Deputy Winchester testified that defendant

volunteered that a pistol was located under the passenger seat of his van. Defendant testified that he made this statement regarding the pistol in his van in response to Deputy Winchester's inquiry as to whether there was anything in the van that he should know about. Deputy Winchester testified that he has no recollection and cannot say whether he did or did not question defendant about whether there was anything in the vehicle that he should know about prior to defendant's stating that there was a pistol under the passenger seat of his van. Deputy Winchester testified that defendant had not yet been given the Miranda warnings at the time he made the statement regarding the location of the pistol.

Defendant argues his statement that there was a pistol under the passenger seat of his van should be suppressed because the statement was obtained in violation of Miranda.

<u>Discussion</u>

Miranda rights are triggered only when a defendant is being interrogated in police custody. United States v. Hatten, 68 F.3d 257, 261 (8th Cir.1995). Interrogation occurs when a law enforcement officer engages in "either express questioning or its functional equivalent, which includes any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." United States v. Hernandez-Mendoza, 600 F.3d 971, 976-77 (8th Cir. 2010). Volunteered statements not in response to an interrogation, however, are admissible with or without Miranda warnings. United States v. McGlothen, 556 F.3d 698, 701 (8th Cir. 2009).

There is no dispute that defendant Forbis was in custody at the time he made the statement that there was a pistol under the passenger seat of his van. There is also no dispute that defendant had not been given the Miranda warnings. Thus, the only issue is whether the statement defendant made about the pistol in his van was volunteered or was made as the product of an interrogation.

The only evidence regarding whether defendant's statement regarding the pistol in his van was the result of an interrogation or was voluntary is the testimony of Deputy Winchester and the testimony of defendant. Deputy Winchester's testimony is that he does not recall, and cannot say whether he asked defendant if there was anything in the van that defendant thought he should know about prior to defendant's van being searched incident to arrest. Defendant's testimony is

3

that Deputy Winchester, in fact, asked him the question, and that he responded to the question. Defendant states that he made the statement of the location of the pistol under the passenger seat of his van in response to Deputy Winchester's question.

Defendant's statement regarding the pistol was a direct response to Deputy Winchester's question. Deputy Winchester started interrogating defendant from the time he first arrested him by asking if he was cooking methamphetamine, and was that express questioning, barred by <u>Miranda</u>, absent warning and a waiver. Defendant was not cooperative with the police, and objected to everything they did. It is unlikely that out of the blue, he just decided to "volunteer" that there was a gun in the van. It is much more likely a response to a question asked by Deputy Winchester. Defendant's statement regarding the pistol and its location was the result of a question by Deputy Winchester, and it was not a volunteered statement. As an interrogation, <u>Miranda</u> warnings were required. Therefore, defendant's statement was the product of unwarned custodial interrogation, in violation of the rule of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Therefore, this statement is not admissible evidence in the Government's case in chief, and should be suppressed. It was voluntary, but not volunteered.

**Motion to Dismiss**

On May 24, 2010, defendant filed a pro se motion to dismiss on grounds that his right to a speedy trial has been denied. On June 2, 2010, the Government responded in opposition with a motion to strike defendant's motion to dismiss. Defendant is represented by counsel and this court does not normally consider pro se motions by parties represented by counsel. In any event, defendant was arraigned on a Fifth Superceding Indictment on May 4, 2010, at which time defendant made an oral motion to continue the trial to August 16, 2010. The case had been set for trial on June 7, 2010. Defendant waived his speedy trial rights to a trial before the August 12, 2010 trial docket. Thus, his rights to a speedy trial have not been denied.

IT IS, THEREFORE, RECOMMENDED that defendant David Wayne Forbis' pro se motion to dismiss be denied. [326] It is further

RECOMMENDED that the Government's motion to strike be denied as moot. [329] It is further

4

RECOMMENDED that defendant's motion to suppress his statement to Deputy Winchester that there was a pistol under the passenger seat of his van be granted and this statement suppressed. [324] It is further

RECOMMENDED that defendant's other motions to suppress additional statements and evidence be denied.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 20th day of July, 2010, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge